## THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. R. N. ALLEN *et al.*

No. 13,061. (73 Pac. 98.)

Error from Neosho district court; L. STILLWELL, judge. Opinion filed July 10, 1903. Affirmed.

*T. N. Sedgwick,* for plaintiff in error.
*J L. Denison,* for defendants in error.

*Per Curiam :* Plaintiff in error, as plaintiff below, sought to enjoin defendants from entering upon, and taking possession of, certain lots in the city of Chanute, it

claiming title thereto. Defendant answered, pleading a decree of the district court of Allen county rendered in his favor against the company in December, 1884, quieting his title to the property in controversy and forever enjoining the company from setting up or claiming any title, estate or interest therein. Plaintiff replied claiming that this decree was rendered against it without service of summons and only upon the appearance of David Kelso, pretending to act for it as its attorney, and that Kelso had no authority so to act, and therefore that the decree, as against it, was without binding force and determined nothing. This reply was verified. The defendant assumed the burden of showing that Kelso had authority to appear for the company in the former action. Evidence *pro* and *con* upon this point was introduced, upon which the trial court found that Kelso was authorized so to appear, and therefore the decree was binding upon the company. We find sufficient evidence in the record to justify this finding.

The company offered to introduce various items of evidence tending to show that Allen should not have recovered in the original case. This evidence was correctly refused by the trial court upon the theory that the company was foreclosed by the decree as to all of these questions.

It appears that upon and across a corner of one of the lots the company had maintained its switch-track for more than fifteen years prior to the commencement of this action. As to that lot the court below adjudged that the statute of limitations entitled the company to recover. It now here claims that because it occupied one of the lots of the block, they being contiguous to one another, that was such an occupancy of all of them that the statute would run, not only as to the one actually occupied, but as to all. *Prima facie* the platting of the lots separated them and made them distinct tracts of land, so that the occupancy of one would not constitute occupancy as to the others, and there are no peculiar facts shown to remove these presumptions in this case.

The judgment of the court below will be affirmed.